WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kent Maerki, | No. CV-13-01466-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Arthur Anderson; Edward O. Burke; Dennis I. Wilenchik; Thomas E. Lordan; Rob Somers; Carole Downs; Shannon Downs; Joseph M. Arpaio, | |
| Defendants. | |

Pending before the Court are Defendants Arthur Anderson and Edward O Burke's Motion to Dismiss (Doc. 18), Defendant Sheriff Joseph M. Arpaio's Motion to Dismiss (Doc. 19), and Defendants Dennis I. Wilenchik, Thomas E. Lordan, Rob Somers, Carole Downs, and Shannon Downs' Motion to Dismiss (Doc. 20). Also pending are Plaintiff's Motions to Strike Anderson and Burke's Motion to Dismiss (Doc. 23) and Motion to Strike Defendants Wilenchik, Lordan, Somers, Downs, and Downs' Motion to Dismiss (Doc. 24). For the following reasons, Defendants' Motions to Dismiss are granted and Plaintiff's Motions to Strike are denied.

**BACKGROUND**

This case arises from an action alleging trade secret violations brought against Plaintiff by Smartcomm License Services, L.L.C., and Smartcomm, L.L.C. in Maricopa County Superior Court (the "underlying action"). Smartcomm filed the underlying action against Maerki on November 15, 2010 and the action, CV 2010-032209, is ongoing at the time of this Order. Maerki asserts that in the course of litigating the underlying action,

Defendants conspired to deprive him of a variety of constitutional rights. He brings the present action against Maricopa County Superior Court Judge Arthur Anderson, the judge in the underlying case, Maricopa County Sheriff Joseph Arpaio, Edward O. Burke, the Special Master appointed in the underlying action, Dennis I. Wilenchik, Thomas E. Lordan, and Rob Somers, three attorneys for the Plaintiff companies in the underlying action, and Carole Downs and Shannon Downs, two Smartcomm employees. (Doc. 4 ("Amended Complaint").) Plaintiff claims that Defendants have conspired to deprive him of due process in the underlying action by pursuing improper discovery, limiting his ability to speak, and arresting him pursuant to a contempt order. Plaintiff asserts a variety of constitutional claims against defendants under 42 U.S.C. § 1983. These claims include alleged violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff seeks damages. Defendants now move to dismiss Plaintiff's Amended Complaint. (Docs. 18, 19, 20.) In response, Plaintiff moves to strike two of these Motions to Dismiss (Doc. 23, 24.)

**ANALYSIS**

**I.  Legal Standard**

Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility

requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. Accordingly, a plaintiff must do more than employ "labels," "conclusions," or a "formulaic recitation of the elements of a cause of action." *Id.*

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Defendants Anderson and Burke

Defendants Maricopa Superior Court Judge Arthur Anderson and Edward O. Burke, appointed as a special master in the underlying action, move to dismiss all claims against them on the grounds of absolute judicial immunity or due to the failure to state a claim. (Doc. 18.) Plaintiff alleges that Defendants Anderson and Burke engaged in assorted misconduct in their roles as Judge and special master in the underlying action. Plaintiff's allegations against Anderson solely concern acts that are clearly judicial in nature. These allegations appear to include that Judge Anderson made rulings during the underlying action that Plaintiff found to be improper, that he appointed a criminal defense attorney for Plaintiff during the course of that action without Plaintiff's permission, and that Anderson permitted discovery that Plaintiff argues violated his constitutional rights. (Doc. 4 at 7–8.) These are all acts normally performed by a judge and occurred when Judge Anderson acted in his judicial capacity. As such, the allegations against Anderson involve judicial action and are barred by absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Such immunity applies even in the event that a judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547 (1967).

Plaintiff further alleges that, in his capacity as special master, Burke persuaded Judge Anderson to sign the Show Cause Order before Anderson had the opportunity for

- 3 -

thorough review, thus leading to Anderson's allegedly improper ruling regarding that order. (Doc. 4 at 7–8.) This allegation, without any further detail, fails to establish a cognizable constitutional claim against Burke. Thus, all claims against Defendants Anderson and Burke are dismissed.

Plaintiff moves to strike Anderson and Burke's Motion to Dismiss on the grounds that the Arizona Attorney General lacked standing to file the Motion to Dismiss on behalf of Anderson and Burke because Plaintiff is suing Anderson and Burke in their individual capacity. (Doc. 23.) However, Plaintiff provides no valid basis for these claims and the Motion to Strike is denied.

### III.     Defendant Arpaio

Defendant Maricopa County Sheriff Joseph M. Arpaio moves to dismiss on the grounds that Plaintiff has failed to plead any cognizable claims against him. Plaintiff does not allege that Sheriff Arpaio personally participated in any aspect of the underlying action. Instead, it appears that a deputy within Sheriff Arpaio's department arrested Plaintiff in compliance with Judge Anderson's contempt order during the underlying action. (Doc. 19 at 3–4.) Plaintiff concedes that Sheriff Arpaio was not personally involved in this arrest or otherwise directly involved with any scheme to deprive Plaintiff of any rights. (Doc. 25 at 1.)

A supervisor is only liable for violations of his subordinates under Section 1983 if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no *respondeat superior* liability under the statute. Plaintiff alleges no facts to suggest that Sheriff Arpaio directed the deputy to arrest Plaintiff or even knew of the allegedly improper arrest. Plaintiff thus fails to state a claim against Sheriff Arpaio and all such claims are dismissed.

### IV.     The Private Defendants

Defendants Dennis I. Wilenchik, Thomas E. Lordan, Rob Somers, Carole Downs, and Shannon Downs (the "Private Defendants"), move to dismiss all claims against them

on the grounds that Plaintiff fails to plead any facts to demonstrate that they engaged in state action, and thus may be liable under 42 U.S.C. § 1983. (Doc. 20.) Plaintiff alleges that Defendants Wilenchik and Lordan are outside counsel for Smartcomm in the underlying action, Defendant Somers is internal counsel for Smartcomm in that action, and both Defendants Carole and Shannon downs are employees of Smartcomm. (Doc. 4 at 3–4.) In his Amended Complaint, Plaintiff concedes that these defendants are private actors, but states that they were "acting in concert as joint participants with state officials in the seizure of the Plaintiff's property" and thus "sufficient grounds exist to characterize them as being clothed as 'state actors.'" (Doc. 4 at 8.) Plaintiff notes throughout his Amended Complaint that the Private Defendants were in a conspiracy with the government defendants and "participated in the conspiracy by aiding and abetting the principle conspirators under color of state law and have become state actors in the process." (*Id.* at 11.) However, Plaintiff pleads no facts to establish such a conspiracy.

The only specific allegation Plaintiff asserts against any of the Private Defendants is that Defendant Wilenchik, along with a number of the government defendants, "persuaded [Judge Anderson] to sign a Show Cause Order . . . without his thorough review," thus causing him to overlook provisions of the order making Plaintiff's hard drives discoverable in the action. (*Id.* at 7–8.) This allegation, without any additional facts, does not rise to the level of a plausible constitutional violation. Apart from this allegation, Plaintiff pleads no facts regarding the alleged conspiracy or joint action between the Private Defendants and government defendants. In his Response, Plaintiff notes assorted allegations made in his Amended Complaint against Defendant Anderson, but these allegations do not connect such alleged conduct to any conduct by the Private Defendants. (Doc. 29 at 4–7.) As such, Plaintiff fails to state any cognizable claims against the Private Defendants and all such claims are dismissed.

Plaintiff moves to strike the Private Defendants' Motion to Dismiss on the grounds that the Wilenchik & Bartness law firm representing the Private Defendants in this action

lacks standing to file a Motion to Dismiss as a Private Corporation. (Doc. 24.) This argument is without any basis in the law and the Motion to Strike is denied.

**V.  Dismissal of Amended Complaint Without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

The Court has already provided Plaintiff the opportunity to amend his complaint and finds that a further opportunity to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Amended Complaint without leave to amend.

**THEREFORE IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. 18, 19, 20) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike (Docs. 23, 24) are **denied**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 5th day of December, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge